**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Verdell McClain (#2016-0816027), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 10874 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| Officer Kahn, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff has responded to the Court's order to show cause in a timely fashion. The Court finds that Plaintiff has failed to adequately show cause and that this matter is untimely. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

**STATEMENT**

Plaintiff Verdell McClain, a prisoner confined at the Cook County Jail, brings this pro se civil rights action pursuant to 42 U.S.C. §1983. Plaintiff alleges that on June 15, 2014, he was subjected to false arrest at the hands of City of Chicago Police Officers, but he waited until November 23, 2016, to file suit. Plaintiff was ordered to show cause as to why this case should not be dismissed as untimely, and he has responded, as ordered. In his response, Plaintiff alleges that he was unaware of the statute of limitations and although he was aware of Defendants' alleged wrongdoing at the time of his arrest, he spent his time thereafter attempting to prove his innocence of the charges brought against him. (Dkt. 6, p. 1.) Plaintiff generally pleads ignorance of the law and seeks what amounts to equitable tolling. (*Id.*)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, , and considering his arguments in his response to show cause, the Court finds that the complaint does not appear to state a viable claim. Plaintiff's claims are, on the face of the complaint, untimely.

The Court held in *Wilson v. Garcia*, 471 U.S. 261 (1984), that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279,

280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

In this case, Plaintiff is suing over alleged events that took place on June 15, 2014, but he waited until November 23, 2016, to initiate suit. Plaintiff's complaint is dated November 1, 2016.

Civil rights claims accrue at the time a person becomes or should have become aware that [he] was injured, that is when [he] knows or should have known [his] constitutional rights have been violated. *Anderson v. Cornejo*, 199 F.R.D. 228, 250 (N.D. Ill. 2000) (*citing Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). Accordingly, Plaintiff's Section 1983 claims accrued on June 15, 2014, because at that time, Plaintiff either knew or should have known of Defendants' alleged wrongdoing. *See, e.g., Behavioral Inst. of Indiana v. Hobart City of Common Council,* 406 F.3d 926, 929 (7th Cir. 2005).

Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Because more than two years have elapsed since Plaintiff's claims of unlawful arrest against Defendants arose, this action is time-barred.

Under the doctrine of equitable tolling, the court may toll the limitations period if a petitioner establishes that "extraordinary circumstances outside of the [plaintiff's] control prevent timely filing of the [action]." *Strong v. Hulick* 530 F.Supp.2d 1034, 1037 *citing Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir 2004) and *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Equitable tolling "excuses an untimely filing when, despite exercising reasonable diligence, a [plaintiff] could not have learned the information he needed in order to file on time." *Id.*

Plaintiff is alleging he is entitled to equitable tolling based on a limited educational background or knowledge of the law. However, "[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). Accordingly, the reasons for delay and untimeliness pleaded by Plaintiff in his response, with respect to any claim of false arrest are insufficient for this Court to find it appropriate to invoke equitable tolling.

For the foregoing reasons, this suit is dismissed for failure to state a claim on which relief may be granted. Dismissal is without prejudice to Plaintiff pursuing whatever claims he may have in state court, providing he is not otherwise legally barred from doing so. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed.

R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."

Date: May 17, 2017                                     /s/ Sharon Johnson Coleman
                                                       Sharon Johnson Coleman
                                                       United States District Court Judge

[3]